UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

REGINA GROVE,

    Plaintiff,

    v.

ARAMARK CORP., et al.,

    Defendants.

: Civil No. 3:17-CV-2399
:
: (JUDGE MARIANI)
:(Magistrate Judge Carlson)

## MEMORANDUM OPINION

### I. INTRODUCTION and PROCEDURAL HISTORY

Plaintiff Regina Grove filed this action under Title VII against Defendants Aramark Corporation, Jim Castaldi, Elaine Evans, Precious Gillard, and Jan Krushinski alleging employment discrimination and retaliation. (Doc. 1 at 1.) Defendants Aramark Campus, LLC ("Aramark"), and Aramark employees Evans, Gillard, and Krushinski filed Aramark Defendant's [sic] Motion to Dismiss ("Motion to Dismiss") (Doc. 14) seeking dismissal of all claims against them.[1] Aramark Defendants attached numerous exhibits to their Motion to Dismiss and supporting brief. (*See* Docs. 14-2 through 14-26, 15-1 through 15-25.)

The motion was referred to Magistrate Judge Carlson who determined that the Motion to Dismiss should be converted to a motion for summary judgment. (Doc. 30.) In

---

[1] In the motion, Defendant Aramark states that it was incorrectly named in the Complaint as "Aramark Corporation" and the correct name is "Aramark Campus, LLC." (Doc. 14 at 1.)

accordance with the Third Circuit's directive in *Renchenski v. Williams*, 622 F.3d 315, 339 (3d Cir. 2010), he advised the parties of his intention to consider matters outside the pleadings and provided them notice and an opportunity to be heard with his July 22, 2019, Order. (Doc. 30 at 1-2.) Magistrate Judge Carlson allowed the parties the option to "file supplemental briefs addressing this case through the perspective of a summary judgment motion, or in the alternative file objections to the conversion of this motion to dismiss to a motion for summary judgment." (*Id.* at 2.) He directed that "plaintiff may file any objections or a supplemental brief addressing the motion as a motion for summary judgment on or before August 12, 2019, and the defendant may file a supplemental response on or before August 26, 2019." (*Id.*) Plaintiff did not file either by the deadline set in the Order or since. Aramark Defendants filed a timely supplemental brief. (Doc. 31.)

Magistrate Judge Carlson issued his R&R on September 12, 2019. (Doc. 32.) He recommends that Aramark Defendants' motion (Doc. 14), which was converted to a motion for summary judgment, be granted. (Doc. 32 at 26.) Plaintiff did not file objections to the recommended disposition and the time for doing so has passed.

## II. STANDARD OF REVIEW

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a

2

Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); M.D. Pa. Local Rule 72.3; *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). "If a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to *de novo* review by the district court." *EEOC v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017). However, "because a district court must take some action for a report and recommendation to become a final order and because the authority and the responsibility to make an informed, final determination remains with the judge, even absent objections to the report and recommendation, a district court should afford some level of review to dispositive legal issues raised by the report." *Id.* at 100 (internal citations and quotation marks omitted). The Court of Appeals for the Third Circuit has described the appropriate level of review as "'reasoned consideration.'" *Id.* (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

### III. ANAYLSIS

Upon "reasoned consideration" review of the R&R, the Court concludes that Magistrate Judge Carlson should not have converted the motion to dismiss to a motion for summary judgment and, having done so, he did not apply the appropriate standard in reaching his conclusion that Aramark Defendants are entitled to summary judgment.

At the outset of his discussion, Magistrate Judge Carlson stated the following:

3

> Relying upon a body of what are now undisputed facts that Grove has not chosen to challenge, the defendants contend that Grove's claims fail on their merits because she has not sufficiently alleged or shown any facts that support a claim of racial discrimination or retaliation and the uncontested facts defat [sic] her claims as a matter of law. . . . We agree . . . and[] we will recommend that the defendants' motion be granted.

(Doc. 32 at 2.) The Court finds this approach to addressing what was originally a motion to dismiss insufficient to permit a thorough and fair analysis of the scant record evidence.

It is well established that

> a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The party asserting that there is a genuine dispute of material fact must support that assertion by "citing to particular parts of ... the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A). In evaluating the motion, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Because summary judgment can be supported or defeated by citing a developed record, courts must give the parties "adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

*Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013).

Here Aramark Defendants attached numerous exhibits to their Motion to Dismiss and supporting brief (Docs. 14, 15). They cited these exhibits in their "Statement of Alleged Facts" in their brief in support of the motion to dismiss. (Doc. 15 at 8-9.) They summarily incorporated this "Statement of Alleged Facts" into their supplemental brief and stated that "[f]or purposes of considering the Aramark Defendants' Motion as a Motion for Summary

4

Judgment, the Court may consider that Statement of Alleged Facts in the Opening Memorandum to now constitute a Statement of Fact." (Doc. 31 at 6-7.)

Aramark Defendants further stated that

> Plaintiff never submitted a supplemental brief and, therefore, implicitly conceded that the factual statements and exhibits identified in the Opening Memorandum, the supporting Declaration of Anne E. Martinez, Esq., and the Reply Memorandum are undisputed. Since there are no disputes over material facts, the Court may grant summary judgment to the Aramark Defendants.

(Doc. 31 at 11.)

Magistrate Judge Carlson appears to have proceeded in the manner proposed by Aramark Defendants. However, this approach to summary judgment is extremely problematic because Plaintiff was not put on notice that exhibits attached to motion to dismiss documents would be accepted as part of the record on summary judgment yet Aramark Defendants, and in turn Magistrate Judge Carlson, relied on them in deciding the pending motion. (*See, e.g.*, Doc. 15 at 7-9, Doc. 31 at 6, Doc. 32 at 15.) In other words, the Magistrate Judge accepted all facts alleged by Aramark Defendants to be undisputed, but Aramark Defendants never set out a statement of undisputed facts to which Plaintiff was obligated to respond under the established summary judgment framework. In fact, in the Magistrate Judge's Order notifying the parties that he intended to convert the motion to one for summary judgment, only two filings were anticipated: Plaintiff was to file any objections or a supplemental brief addressing the motion as a motion for summary judgment on or before August 12, 2019, and Aramark Defendants were to file a supplemental response on

5

or before August 26, 2019. In no way condoning Plaintiff's counsel's abdication of his advocacy responsibilities, the Court finds that although the Magistrate Judge said that Plaintiff chose not to dispute facts, there is a significant question as to what facts Aramark Defendants were proffering as undisputed. Certainly Plaintiff's counsel could have filed a response to Aramark Defendants' supplemental brief (Doc. 31), but such a filing was not contemplated in Magistrate Judge Carlson's Order (Doc. 30).[2]

On this record, the Court cannot determine that there are no disputed issues of material fact and cannot accept the analysis set out in the R&R which apparently assumes this to be the case. The approach adopted in the analysis of Plaintiff's claims runs afoul of the rule that the Court refrain from engaging in fact finding, making credibility determinations, and judging the weight of the evidence.

While the Court has found the general approach to addressing this motion unacceptable, the Court is also deeply troubled by the failure of Plaintiff's counsel to offer the most basic of advocacy on behalf of his client.[3] This Court is being asked to determine, on summary judgment, a claim of racial discrimination in circumstances where no determination was ever made as to the legal sufficiency of Plaintiff's Complaint in the first

---

[2] Although this case was stayed by agreement of the parties (Doc. 27), the stay was in place pending resolution of Defendant's *Motion to Dismiss* (Doc. 14 (emphasis added)). Therefore, it was not intended to preclude discovery in connection with a motion for summary judgment, and any request by Plaintiff's counsel to engage in discovery before or upon conversion to a summary judgment motion would have been readily granted.

[3] *See* Federal Rule of Civil Procedure 56(d).

instance. Thereafter, a truncated and inappropriate summary judgment analysis was conducted. Such an approach will not be a basis for a ruling by this Court that would put Plaintiff out of Court.

## IV. CONCLUSION

For the foregoing reasons, the Court will not adopt the R&R (Doc. 32). Aramark Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 14) (converted to a motion for summary judgment (Doc. 30)) will be denied without prejudice. An appropriate Order will be filed simultaneously with this Memorandum Opinion.

_____
Robert D. Mariani
United States District Judge